# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**FRANK DIETER,**

    Petitioner,

 vs.                                Case No. 4:14cv130-RH/CAS

**SECRETARY, FLORIDA DEPARTMENT
OF COREECTIONS, STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS § 2254 PETITION AS UNTIMELY

On March 6, 2014, Petitioner Frank Dieter, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On September 10, 2014, Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits. Doc. 8. Petitioner has filed a reply to that motion. Doc. 10.

The matter is referred to the undersigned United States Magistrate Judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). As explained in detail below, because the § 2254 petition is timely, Respondent's motion to dismiss should be denied.

## Background and Procedural History

By information filed on May 8, 2007, the State of Florida charged Petitioner with two counts of sexual battery on a child under 12 years of age by a defendant 18 years of age or older. Doc. 8 Ex. C at 11. Both of these offenses are alleged to have occurred on April 21, 2007. *Id.*

Petitioner proceeded to a jury trial, and at the conclusion of the trial, was found guilty of both counts as charged. *Id.* at 131–132. On April 14, 2010, the state trial court sentenced Petitioner to two concurrent life sentences. *Id.* at 135–143. Petitioner appealed his judgment and sentence, and the First District Court of Appeal (DCA) for the State of Florida affirmed the conviction without an opinion on June 10, 2011, in case number IDI0-2090. Doc. 8 Ex. M; <u>Dieter v. State</u>, 63 So. 3d 753 (Fla. 1st DCA 2011) (table).

Petitioner then filed in the state trial court, a Notice to Vacate Void Judgment on January 23, 2012, claiming he was never informed of the "nature and cause" of his charges as required by the Sixth Amendment of the United States Constitution. Doc. 8 Ex. O at 1–3. The court considered the "notice," filed pursuant to Florida Rule of Criminal Procedure 3.850, as baseless. Doc. 8 Ex. P. The court denied the motion on May 4, 2012, because Petitioner had been informed of the "nature and cause" of the charges against him. *Id.* Petitioner did not appeal this order.

On June 6, 2012, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850, alleging claims of ineffective assistance of counsel. Doc. 8 Ex. Q at 1–47. The state post-conviction court dismissed the motion without prejudice on February 21, 2013, finding the motion failed to comply with the formatting requirements of Rule 3.850.

Doc. 8 Ex. R.  Petitioner subsequently filed a motion requesting clarification as to the formatting requirements, which was denied on April 11, 2013.  Doc. 8 Ex. S.

Petitioner filed another Rule 3.850 motion in state court on May 16, 2013.  Doc. 8 Ex. U at 1–14.  In an order rendered May 22, 2013, the court determined the seven claims of ineffective assistance of counsel were facially insufficient under Strickland v. Washington, 466 U.S. 668, 687 (1984). Doc. 8 Ex. U at 15 – 16. In accordance with Spera v. State, 971 So. 2d 754 (Fla. 2007), and Nelson v. State, 977 So. 2d 710 (Fla. 1st DCA 2008), the court gave Petitioner thirty days to sufficiently plead his motion.  Doc. 8 Ex. U at 15–16.  Petitioner submitted an amended motion on June 17, 2013.  *Id.* at 17–55.  The court found the ineffective assistance of counsel claims remained facially insufficient, and denied the amended motion with prejudice on June 25, 2013.  *Id.* at 69–70.  The court explained under the Strickland standard, Petitioner must show both cause and prejudice to obtain relief.  *Id.*  The court concluded Petitioner did not establish the prejudice prong of Strickland because he failed to state how the result of the proceeding would have been different due to counsel's deficient performance.  *Id.*

Petitioner timely appealed to the First DCA, which affirmed without a written opinion on December 13, 2013.  Doc. 8 Ex. V; Dieter v. State, 132 So. 3d 225 (Fla. 1st DCA 2013).  Petitioner filed a motion for rehearing on December 31, 2013.  Doc. 8 Ex. W at 1–3.  The First DCA denied the motion for rehearing on February 12, 2014.  Doc. 8 Ex. X.  The mandate was issued February 28, 2014.  Doc. 8 Ex. Y.

As indicated above, Petitioner filed a § 2254 petition in this Court on March 6, 2014.  Doc. 1.  Respondent filed a motion asserting the petition should be dismissed as untimely.  Doc. 8 at 3–7.  Petitioner has filed a reply.  Doc. 10.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. Id. § 2244(d) (1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. Id. § 2244(d)(2). [1]

In this case, Petitioner's conviction became final on September 8, 2011, when the time for filing a certiorari petition in the United States Supreme Court expired, 90 days following the First DCA's affirmance of his direct appeal on June 10, 2011. Pugh v. Smith, 465 F. 3d 1295, 1299 (11th Cir. 2006) (explaining defendant has 90 days from judgment of state court of last resort to file petition for writ of certiorari in United States Supreme Court); Clay v. United States, 537 U.S. 522, 525 (2003) (stating 90 days allowed for filing petition for writ of certiorari begins on date appellate court issues its opinion in direct appeal, not from date appellate court issues its mandate).

Petitioner filed, pro se, a Notice to Vacate Void Judgment on January 23, 2012. Doc. 8 Ex. O. The state court considered the Notice to Vacate Void Judgment

---

[1] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

Petitioner's first post-conviction motion, and denied it on May 4, 2012.  Doc. 8 Ex. P. Petitioner had 30 days to appeal the decision, which expired on June 4, 2012. *Id.* Petitioner accumulated 136 days of untolled time towards the one-year AEDPA limitations period.  28 U.S.C.A. § 2244(d)(2); Cramer v. Sec'y Dep't of Corr., 461 F. 3d. 1380, 1383 (11th Cir. 2006) (explaining an application for state post-conviction review is "pending" within the meaning of AEDPA, so as to toll the one-year limitations period for filing a federal habeas petition, during the period between the lower court's adverse determination, and the prisoner's filing of a notice of appeal).

On June 6, 2012, Petitioner filed a second motion for post-conviction relief two days following the expiration of the previous appeal on June 6, 2012.  Doc. 8 Ex. Q. at 1–47.  The state post-conviction court determined the motion "failed to comply with the formatting requirements found in Rule 3.850," and dismissed the motion without prejudice on February 21, 2013.  Doc. 8 Ex. R.  On April 1, 2013, Petitioner filed a motion requesting clarification as to the reason the Rule 3.850 motion did not meet the formatting requirements, which was denied by the court on April 11, 2013.  Doc. 8 Ex. S.

Respondent argues in the motion to dismiss, this second post-conviction motion should not be considered "properly filed" for purposes of statutory tolling.  Doc. 8 at 3–7. An application for state post-conviction relief or collateral review is "properly filed," as required to toll period under AEDPA for filing federal habeas petition, when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. Artuz v. Bennet, 531 U.S. 4, 8–9 (2000).  If Petitioner filed the state habeas petition in the proper court having jurisdiction over such petitions, and there was no evidence that

Petitioner did not comply with other statutorily mandated filing conditions under Florida law, then the petition would be considered properly filed, and the AEDPA limitations period would be tolled. Thompson, v. Sec'y, Dep't of Corr., 595 F. 3d 1233 (11th Cir. 2010).

In this case, because Petitioner filed the Rule 3.850 motion in the proper court, and there is no evidence the petition did not comply with any other statutorily mandated filing conditions, Petitioner should receive statutory tolling for the second post-conviction motion. Petitioner submitted the petition to the correct court and was not given any indication that he failed to comply with Florida's statutorily mandated filing conditions. Fla. R. Crim. P. 3.850; Fla. Stat. Ann. §§ 79.01, 79.09 (2014). Tolling of the AEDPA limitations period continues while a petitioner appeals the denial of a state post-conviction application in state court. 28 U.S.C.A. § 2244(d)(2); Moore v. Crosby, 321 F. 3d 1377, 1380 (11th Cir. 2003); Cramer v. Sec'y Dep't of Corr., 461 F. 3d. at 1383 ("pending" refers to the continuation of the process, or the time until the process is completed, and the process is not complete until there is no other avenue the prisoner could pursue). Therefore, because the second post-conviction motion was "properly filed" as well as "pending," the time towards the one-year AEDPA limitations period was tolled from June 6, 2012, to April 11, 2013. No mandate was issued so statutory tolling continued. Nyland v. Moore, 216 F. 3d 1264, 1266–1267 (11th Cir. 2000).

Petitioner filed a third motion for post-conviction relief in state court on May 8, 2013. Doc. 8 Ex. U at 1–14. On May 22, 2013, the state post-conviction court denied relief due to facial insufficiency, and Petitioner had 30 days to amend the claim. *Id.* at 15–16. On June 11, 2013, Petitioner filed an amended motion for post-conviction relief.

Doc. 8 Ex. 17–70.  On June 25, 2013, the state post-conviction court denied the motion with prejudice.  *Id.* at 69–70.  On July 8, 2013, Petitioner timely appealed to the First DCA, which affirmed the denial without an opinion on December 16, 2013.  Doc. 8 Ex. V.  Petitioner filed a motion for rehearing in the First DCA by mailbox rule on January 13, 2014.  Doc. 8 Ex. W.  Statutory tolling remained in effect during the entire pendency of the appeal.  Cramer v. Sec'y Dep't of Corr., 461 F. 3d. at 1383.  The court denied the motion and issued the mandate on February 28, 2014.  Doc. 8 Ex. X.  Statutory tolling was lifted upon issuance of the mandate.  Nyland v. Moore, 216 F. 3d at 1266–1267.

Petitioner filed his § 2254 petition six days later on March 6, 2014.  Doc. 1.  In all, Petitioner accumulated 142 days of untolled time towards the AEDPA limitations period.  The untolled time amounts to less than one-year, and therefore, the petition is timely filed.

Because the state post-conviction motions were "properly filed," Petitioner's AEDPA time had not expired when he filed his § 2254 petition in this Court.  Accordingly, Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely should be denied.

## Conclusion

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 8) be **DENIED**, Respondent be directed to file an Answer to the § 2254 petition within thirty (30) days of entry of the order adopting this recommendation, and Petitioner be directed that he may file a Reply within (30) days after service of the Answer.

**IN CHAMBERS** at Tallahassee, Florida on January 20, 2015.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**