IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


FRANK DIETER,

    Petitioner,

v.                               CASE NO. 4:14cv130-RH/CAS

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, STATE OF FLORIDA,

    Respondent.

_____/


## ORDER DENYING THE MOTION TO DISMISS


    By a petition for a writ of habeas corpus under 28 U.S.C. § 2254, Frank Dieter challenges his state-court conviction and life sentence. The respondent Secretary of the Florida Department of Corrections has moved to dismiss the petition based on the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The motion is before the court on the magistrate judge's report and recommendation, ECF No. 11, and the objections, ECF No. 12. I have reviewed *de novo* the issues raised by the objections.

    The limitations period began to run when Mr. Dieter's conviction was affirmed on direct appeal and the deadline expired for filing a petition for a writ of

certiorari in the United States Supreme Court. Under 28 U.S.C. § 2244(d)(2), the limitations period was tolled during the pendency of any "properly filed application for State post-conviction or other collateral review."

The Secretary says Mr. Dieter's petition is untimely even though Mr. Dieter has been diligently pursuing collateral relief in state court for all but about five months since the limitations period began to run. Indeed, Mr. Dieter filed the petition just six days after the state appellate court issued its mandate denying a timely state collateral attack.

The dispositive issue is whether the limitations period was tolled during the pendency of a motion Mr. Dieter filed on June 6, 2012. The motion sought relief under Florida Rule of Criminal Procedure 3.850. As is uncontested, such a motion tolls the federal limitations period, so long as the motion is "properly filed."

Neither the state nor the state court took any action in response to the motion, and the state court sat on the motion for more than eight months and then denied it giving this as the entire explanation: "The Court having considered the motion hereby finds that it fails to comply with the formatting requirements found in Rule 3.850." ECF No. 8-6 at 55. Mr. Dieter promptly asked for clarification, asking what he did wrong. The court denied the request without explanation. Just over a month later, Mr. Dieter filed a new 3.850 motion, which was denied. Mr.

Dieter appealed and lost. He filed this federal petition six days after issuance of the mandate.

The Secretary asserts that the June 6 motion was not "properly filed" because there was—or at least the state court said there was—an unspecified "formatting" error. The Secretary asserts a state petition is not "properly filed" within the meaning of § 2244(d)(2) whenever a state court says there is a "formatting" error. This presumably could include margins too small, a case style in the wrong place, an insufficient title, or single- instead of double-spacing. The Secretary says the state court need not say what the formatting error was and that the Secretary need not show that the petitioner actually made any error at all. Indeed, the Secretary says she does not need to allege, even now, what the error was; instead, she says, the federal court must simply take the state court's unexplained ruling as binding.

Not so. Mr. Dieter filed his June 6, 2012, Rule 3.850 motion in the right court. It was timely. The form of the document generally complied with state filing requirements—it had a case style, included detailed allegations in support of the claims, and was signed under oath. *See* ECF No. 8-5 at 185 through ECF No. 8-6 at 39. If there was something wrong with the "format," it was not a violation of the filing requirements that govern tolling under § 2244(d)(2), but simply the kind of procedural error that sometimes causes claims to be dismissed but does not

affect tolling. The Secretary's contrary assertion would work an obvious injustice, allowing a state to delay responding to a 3.850 motion with a technical defect while, unbeknownst to the petitioner, the limitations period expired for a federal habeas petition. Nothing in *Artuz v. Bennett*, 531 U.S. 4 (2000), or the other cases cited by the Secretary supports her position or so trivializes a federal court's authority to consider a petition for a writ of habeas corpus.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1. The report and recommendation, ECF No. 11, is accepted.

2. The motion to dismiss, ECF No. 8, is denied.

3. The respondent must file an answer by March 2, 2015.

4. The petitioner may file a reply within 30 days after service of the answer.

5. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on January 28, 2015.

        s/Robert L. Hinkle
        United States District Judge